1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   JAMES IKE SCHAAP,                        Case No. 3:13-cv-00160-MMD-VPC

8                              Plaintiff,              ORDER

9      v.

10  DEPARTMENT OF VETERANS AFFAIRS, et al.,

11                             Defendants.

12

13         Plaintiff initiated this action on March 29, 2014, against the Department of

14  Veteran Affairs.  (Dkt. no. 1.)  Defendant has filed a Motion to Dismiss ("Motion").  (Dkt.

15  no. 15.)  Plaintiff has filed a response (dkt. no. 17); and Defendant has filed a reply (dkt.

16  no. 18).   Defendant's Motion requests dismissal under Fed. R. Civ. P. 12(b)(5) and

17  12(b)(6).  The Court finds that dismissal is warranted under Rule 12(b)(5) and declines

18  to address the other grounds raised in Defendant's Motion.

19         Rule 12(b)(5) warrants dismissal of a case for insufficient service of process.  "A

20  federal court is without personal jurisdiction over a defendant unless the defendant has

21  been served in accordance with Fed. R. Civ. P. 4."  *Crowley v. Bannister*, 734 F.3d 967,

22  974-75 (9th Cir. 2013) (citations and internal quotation marks omitted).  "Once service is

23  challenged, plaintiffs bear the burden of establishing that service was valid under Rule

24  4."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

25         Service on an agency of the United States is effected by (1) delivery of the

26  summons and complaint to the United States Attorney — or a designated official — for

27  the district where the action is brought, or by mailing a copy of the summons and

28  complaint by certified or registered mail to the civil-process clerk at the United States

Attorney's Office, and (2) sending a copy of the summons and complaint by certified or registered mail to the Attorney General of the United States in Washington, D.C.  Fed. R. Civ. P. 4(i)(1)(A)-(B).

Defendant has demonstrated that Plaintiff failed to comply with these service-of-process rules. The Complaint and Summons were issued on June 8, 2014, after Plaintiff paid the required filing fee. (Dkt. nos. 8, 9.) On October 22, 2014, the Clerk issued a notice regarding intention to dismiss for failure to file proof of service of the Complaint on Defendant. (Dkt. no. 14.) To date, Plaintiff has not filed proof of service. Thus, under these circumstances, the Court lacks personal jurisdiction over Defendant and must accordingly dismiss the case. *See Reynolds v. United States*, 782 F.2d 837, 838 (9th Cir. 1986) (per curiam) (upholding dismissal of complaint without prejudice where plaintiff failed to serve the United States Attorney's Office).

Plaintiff has also filed seven motions not to dismiss, which he characterizes as parts (2-7) to his motion. (Dkt. nos. 19, 21, 23, 25, 28, 30, 32.) These motions are improper. The Federal Rules of Civil Procedure do not provide for a plaintiff to move not to dismiss his complaint. These motions essentially repeat Plaintiff's arguments as to why the Court should not grant Defendant's Motion. To the extent they are responses to Defendant's Motion, these responses are also improper. Local Rule 7-2 permits only a motion, response and reply. The party opposing a motion is not permitted to file repeated responses.

It is therefore ordered that Defendant's Motion to Dismiss (dkt. no. 15) is granted.

It is further ordered that Plaintiff's motions not to dismiss (dkt. nos. 19, 21, 23, 25, 28, 30 and 32) are stricken.

The Clerk is instructed to enter judgment in accordance with this Order and close the case.

DATED THIS 25th day of June 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE